IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:20-CR-102 (TJM) |
| v. | |
| CHRISTOPHER M. PERRY, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a sentence within the applicable guideline range as set forth in the United States Sentencing Guidelines (the "Guidelines").

## I

## INTRODUCTION

On April 9, 2020, the defendant pled guilty to Counts 1 through 3 of a three-count Information. Count 1 charged Conspiracy to Sexually Exploit a Child, in violation of 18 U.S.C. §§ 2251(a) and (e); and Counts 2 and 3 charged Sexual Exploitation of a Child, in violation of 8 U.S.C. §§ 2251(a). The factual basis for the guilty plea, which is set forth in the Offer of Proof at paragraph 4 states:

a) In or about 2017, while residing in Cortland, New York, defendants Christopher M. Perry and Sarah R. Gates entered into an agreement and understanding with one another relating to the sexual exploitation of V-1, a female child born in 2014. During the course of the conspiracy, the defendants engaged V-1 in sexually explicit acts for the purpose of producing one or more images of such conduct.

1

b) As part of the agreement, Perry and Gates used two cellular telephones in order to produce images of the sexually explicit conduct. These cellular telephones, which belonged to Perry, are described as: (1) a BLU brand cellular telephone, model VIVI XI+, bearing serial number 1080008018018372; and (2) a Huawei Nexus 6P cellular telephone, model H1511, bearing serial number 8487N16125001922. These cellular telephones were manufactured in China.

c) The images of V-1 produced by Perry and Gates as part of the conspiracy, and recovered by law enforcement are described below. Counts 2 and 3 of the information reflect separate series of images clearly produced during difference episodes of sexual abuse.

(1) The images charged in Count 2 of the information are described as follows:

**(a) IMG_20160814_105617.jpg** – depicts Gates and V-1 performing oral sex (mouth to penis) on the defendant's erect penis. V-1 is depicted wearing a light pink colored tank top with a ruffled sleeve.

**(b) IMG_20160814_105522.jpg** – depicts Gates and V-1 with their hands around the defendant's erect penis. V-1 is depicted wearing a light pink colored tank top with a ruffled sleeve.

(2) The images charged in Count 3 of the information are described as follows:

(a) **IMG_20180806_225049_01** – depicts V-1 with her mouth pressed against Gates' bare vagina. V-1 is depicted wearing a bright pink tank top with the letters F-U-N.

**(b) 0721162142a.jpg** – depicts Gates engaging in oral sexual conduct with V-1, in that the image shows Gates licking V-1's vagina. V-1 is depicted wearing a bright pink tank top with the letters F-U-N.

    **(c) 0810162154c.jpg** – depicts the defendant lying on his back with V-1 lying on top of him, facing forward and only wearing a t-shirt, with the defendant inserting the tip of his penis into V-1's vagina. V-1 is depicted wearing a bright pink tank top with the letters F-U-N.

d) During a forensic analysis of Perry's Hewlett Packard Model 15-ba018ds laptop computer, S/N CND7174LGJ, containing a Seagate hard drive, model HDD / ST2000LM00, recovered pursuant to a state search warrant, law enforcement identified a number of duplicate images depicting the sexually explicit abuse of V-1.

e) The BLU brand cellular telephone, model VIVI XI+, bearing serial number 1080008018018372, the Huawei Nexus 6P cellular telephone, model H1511, bearing serial number 8487N16125001922, and the Hewlett Packard Model 15-ba018ds laptop computer, S/N CND7174LGJ, containing a Seagate hard drive, model HDD / ST2000LM007 each contained child pornography files, and had been used to facilitate child exploitation crimes.

The defendant is scheduled to be sentenced on November 3, 2020, in Binghamton, New York.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1) Statutory Sentencing Provisions**

The defendant's convictions on Counts 1 through 3 of the Information subject him to a statutory mandatory minimum of 15 years, and a statutory maximum term of 30 years imprisonment. 18 U.S.C. § 2251(a) and (e). PSR ¶ 129. In addition, each count carries with it a

mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSR ¶ 133; and a fine of up to $250,000.  18 U.S.C. § 3571.  PSR ¶ 139.[1]

**2) Forfeiture**

In addition to the above, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation of the Information, pursuant to 18 U.S.C. § 2253.  These items include:

a. one Hewlett Packard Model 15-ba018ds laptop computer, S/N CND7174LGJ, containing a Seagate hard drive, model HDD / ST2000LM007;

b. one BLU brand cellular telephone, model VIVI XI+, serial number 1080008018018372; and

c. one Huawei Nexus 6P cellular telephone, model H1511, serial number 8487N16125001922.

**3) Restitution**

The minor depicted in the images and videos involved in the defendant's crimes of conviction is a victim of his offenses.  Pursuant to 18 U.S.C. §§ 3663A and 2259(b)(4), restitution shall be ordered.

**4) Special Assessments**

For each count a special assessment of $100 is mandatory, for a total of $300.  18 U.S.C. § 3013.  In addition to the assessment imposed under § 3013, unless the court finds the defendant to be indigent, the defendant shall pay an additional assessment of $5,000, pursuant to 18 U.S.C.

---

[1] The Government agrees with the assessment of the Probation Officer that it appears the defendant does not have the ability to pay a fine in addition to the required statutory Special Assessments.  PSR ¶ 128.

§ 3014(a). This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which this assessment is based. 18 U.S.C. § 3014(b).

5) **Guidelines Provisions**

   a. **Base Offense Level and Special Offense Characteristics**

The Government adopts, without qualification, the Guidelines calculation set forth in the PSR, resulting ultimately in a Total Offense Level of 43. PSR ¶¶ 38-77.

   b. **Criminal History Category**

According to the PSR, the defendant's criminal history category is II. PSR ¶ 85. The Government agrees with the Probation Office's determination of the defendant's criminal history category.

   c. **Guidelines Range and Sentence**

As described herein, the defendant's total offense level is 43 and his criminal history category is II, which results in a guideline range is life. *See* PSR ¶ 130. However, as the authorized statutorily maximum sentence for each count is 30 years (360 months), the guidelines sentence becomes 1,080 months (90 years), or the combined length of permissible maximum sentences, were each count to run consecutively to one another. *Id*, *See United States v. Ketcham*, 507 F. App'x 42, 44 (2d Cir. 2013); *United States v. Petrie*, 542 F. App'x 746, 747-48 (2d Cir. 2013).

**III**

**GOVERNMENT'S SENTENCING RECOMMENDATION**

In June 2018, the defendant uploaded an image of child pornography through Facebook's servers, placing him on law enforcement's radar. As a result of an investigation into the defendant's conduct as it related to the Facebook upload, investigators learned that the defendant,

along with his co-defendant Sarah Gates, had repeatedly sexually abused a young female child, V-1, in or about 2017. Investigators located images of the sexually explicit abuse on two cellular telephones, both belonging to this defendant, which were seized pursuant to state-obtained search warrants.

V-1 was under the age of 5 at the time this defendant documented the abuse, which consisted of oral and vaginal sex involving the female child at the hands of this defendant. Multiple images reveal the it is likely that while this defendant abused V-1, co-defendant Sarah Gates was the person behind the camera and vice-versa, as some images depict co-defendant Gates engaging in the abuse of V-1.

The defendant's crimes of conviction represent some of the most heinous conduct punishable under our laws. Moreover, this defendant was under a criminal justice sentence during the commission of these offense, after having been sentenced to a 1 year conditional discharge on October 11, 2017 resulting from a DWI conviction. Further, in 2010, the defendant was discharged from the U.S. Army for misconduct. The defendant's conduct, as well as certain aggravating factors identified above, justifies the government's request for a sentence within the defendant's resulting Guidelines range. Such a sentence would be sufficient, but not greater than necessary, to comply with the sentencing purposes in 18 U.S.C. § 3553(a). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). Moreover, within-

Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

For the foregoing reasons, a sentence within the resulting Guidelines range is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).[2]

Respectfully submitted this 20th day of October, 2020

                                        ANTOINETTE T. BACON
                                        Acting United States Attorney

By:      */s/ Sahar L. Amandolare*
            Sahar Amandolare
            Assistant United States Attorney
            Bar Roll No. 520259

---

[2] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendation submitted by the United States Probation Office.