IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:20-CR-102 (TJM) |
| v. | |
| CHRISTOPHER M. PERRY, | GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING SUBMISSIONS |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On October 20, 2020, the United States filed a sentencing memorandum recommending that the Court impose a Guidelines sentence that ensures the defendant will spend the rest of his life in prison. Dkt. 34, p. 6. The defendant submitted a sentencing memorandum in support of a request that he be sentenced to the 15-year minimum sentence allowed by law. Dkt. 35, p. 14.

**I.    Defendant's Background and the Offense Conduct**

The defendant's sentencing submissions and the Presentence Investigation Report (PSR) discuss sexual abuse that the defendant claims to have suffered when he was seven years old. Dkt. 35, p. 4; PSR ¶ 93. The defendant's sentencing memorandum asserts that this abuse contributed to the defendant's ongoing depression as well as other hardships suffered by the defendant throughout his life. Dkt. 35, p. 5. It should be noted, however, that the defendant's sentencing memorandum does not cite or include any formal evaluation of the defendant or other objective analyses to support these assertions, but rather relies on information provided by the defendant as well as general information about the impact and long-term effect of child sexual abuse. *See* Dkt. 35, Ex. 2.

It is undisputed that child sexual abuse has a tragic and long-lasting impact on victims of such abuse, but the offense conduct in the instant case involves the repeated sexual exploitation of

1

V-1 at the hands of the defendant. The PSR describes the defendant's sexual exploitation of V-1 on at least two occasions, as charged in the Information, as well as the communications between the defendant and his co-conspirator about the specifics of how the defendant wanted to abuse V-1. PSR ¶¶ 7–34. Photographs of V-1's sexual exploitation were ultimately discovered on devices belonging to the defendant, including images depicting the defendant inserting his penis into V-1's vagina and V-1 performing oral sex on the defendant. PSR ¶ 18–19. V-1 was three years old at the time.

Beyond the defendant's hands-on sexual exploitation of V-1, the PSR also outlines that, in messages between the defendant and his co-conspirator, the defendant expressed interest in the sexual exploitation of two other children. PSR ¶ 21.

The defendant's assertions regarding sexual abuse he suffered as a child do not, in any way, mitigate the nature of the defendant's conduct in the instant case nor do they reduce the impact the defendant's conduct has had and will likely continue to have on V-1 for years to come, the extent of which is still uncertain, and likely will be for some time. However, it is undisputed that the sexual exploitation of V-1 and any long-term effect that exploitation may have is a direct result of the defendant's conduct and that of his co-conspirator.

II. **Cases Analogized by the Defendant Are Clearly Distinguishable from the Instant Case**

The defendant's sentencing submissions also attempt to compare this case to others in an effort to justify the defendant's sentencing recommendation. The cases cited by the defendant do not support his request for sentencing leniency. In fact, in cases involving crimes more analogous to Perry's, defendants consistently receive sentences that are close to or equivalent of a life sentence.

The defendant first cites *United States v. Matthew Osuba*, 1:18-CR-344 (TJM), in an attempt to minimize the defendant's conduct as compared to the offense conduct at issue in *Osuba*. Dkt. 35, p. 10–11. In *Osuba* the defendant was charged in a three count indictment with sexual exploitation of a child, distribution of child pornography, and possession of child pornography. The sexual exploitation charge stemmed from the defendant's creation of a video of himself masturbating near a sleeping 17-year-old girl, offense conduct clearly distinguishable from the Perry's production of images of his vaginal and oral penetration of a three-year-old child. Additionally, and despite the distinguishing characteristics of the offense conduct in *Osuba*, the defendant in *Osuba* was ultimately sentenced to 70 years in prison, a fact that weighs against the minimum sentence for which Perry advocates.

The defendant also cites *United States v. Ralph Daniel Smith*, 5:15-CR-342 (BKS) in support of his recommended sentence. Dkt. 35, p. 11. The offense conduct in *Smith* involved the defendant's sexual exploitation of a 14-year-old female by deceiving her into taking sexually explicit photos of herself, which she then shared with the defendant, not knowing his true identity. This offense conduct is again clearly distinguishable from Perry's hands-on sexual abuse of a three year old.

The defendant also cites to the 22-year sentence in *United States v. Amber Decker,* 8:12-CR-358 (DNH). Dkt. 35, p. 11–12. While the offense conduct in *Decker* involved Amber Decker's hands-on sexual exploitation of a two-year-old child at the direction of her husband, Logan Decker, Amber was sentenced to 264 months only after cooperating with the government and agreeing to testify at trial against her husband. Logan Decker pled guilty on the eve of trial, and was sentenced on October 21, 2020 to serve 44 years in prison, despite not having personally engaged in the hands-on abuse of the child. 5:18-CR-358 (DNH).

If the goal is to analogize the instant case to prior cases involving similar offense conduct, *United States v. Chase*, 695 Fed.App'x. 601 (2017) and *United States v. Ketcham*, 507 Fed.App'x. 42 (2013) are perhaps more apt. In *Chase*, the defendant was sentenced to 50 years after pleading guilty to four counts of sexual exploitation of a child, stemming from the defendant's repeated hands-on sexual abuse of a minor child under the defendant's care, and the recording of that abuse. In *Ketcham*, the defendant pleaded guilty to three counts of production of child pornography related to his hands-on abuse of a minor child under the defendant's care and the recording of that abuse, and was sentenced to 60 years. Both sentences were found reasonable, and affirmed. *Chase*, 695 Fed.App'x. at 605; *Ketcham*, 507 Fed.App'x. at 46.

Similarly, the offense conduct in the instant case involved the defendant's sexual exploitation of V-1, a three-year-old child under the defendant's care and control, on several occasions and the recording of that abuse. Instead of protecting V-1, as any adult should, the defendant used his access to the child and her inherent vulnerability to sexually exploit V-1 for the defendant's own perverse sexual gratification. That conduct, and the defendant's expressed desire to sexually abuse additional children demonstrates that he presents a serious and ongoing danger.

### III.     Conclusion

The Government maintains that the defendant has raised no meaningful fact or reason to depart or vary from the life-equivalent sentence recommended by the Guidelines. There is no factor or combination of factors that mitigate the gravity of his offenses and the danger he poses to children, and there is simply no reason to impose anything less than the recommended sentence, while multiple compelling factors support it.

For the foregoing reasons, a sentence within the resulting Guidelines range is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).[1]

Respectfully submitted this 28th day of October, 2020

          ANTOINETTE T. BACON
          Acting United States Attorney

By:    */s/ Adrian S. LaRochelle*
       Adrian S. LaRochelle
       Special Assistant United States Attorney
       Bar Roll No. 701266

---

[1] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendation submitted by the United States Probation Office.