UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -v-                                             CASE NO. 5:20-CR-102 (TJM)

CHRISTOPHER PERRY,

        Defendant.

## DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL MEMORANDUM

DATED:                                                 October 30, 2020
    Syracuse, New York

                                                 LISA PEEBLES
                                                 Federal Public Defender

                           By:       /s/_____
                                                 Maria N. Jacob, Esq.
                                               Assistant Federal Public Defender
                                               Bar Roll No. 700927
                                               Office of the Federal Public Defender
                                               4 Clinton Square, 3rd Floor
                                               Syracuse, New York 13202
                                               (315) 701-0080

The government filed a supplemental memorandum on October 28, 2020 in order to respond to some of the arguments made on behalf of Mr. Perry and to insist that a life sentence is appropriate in this case.  The government first attempts to undermine Mr. Perry's tragic past by arguing (1) that the Court should not take his claim that he was sexually abused as a child seriously because it was not corroborated by a formal evaluation, and (2) that this kind of past in no way mitigates the instant offense conduct.  The government lastly goes on to argue that the cases that defense counsel provided in its case analysis should not be considered because they are not analogous to the instant case.

### I.     Defendant's Background and the Offense Conduct

The government points out that the defendant's sentencing memorandum does not cite or include any formal evaluation of the defendant to support the assertion that he was sexually abused as a child.  A formal evaluation is a defense strategy that is not required. It is unreasonable to hold that against the defendant for making an informed decision not to undergo such an evaluation.  Furthermore, evaluations of this nature are based on the defendant's self-report, the same as his self-reporting to probation and defense counsel.  Lastly, allegations of sexual abuse from the past are usually completely self-reliant on someone's self-reporting of what occurred because there is typically no way to confirm the abuse after so many years have transpired.  This does not mean that the allegations are not true or that they should be undermined in any way.  To do so would also undermine the thousands of

criminal convictions that have been obtained after credible testimony from the complaining witness.

The government also did not acknowledge the study that was submitted in defendant's sentencing memorandum regarding the reasons that males do not report sex abuse when it occurs.  In that article, the study found that many males do not report child sex abuse because of (1) western social normal regarding masculinity, (2) mistrust of others, (3) and the inability to recognize childhood events as abusive. <u>Would you Tell Under Circumstances Like That?": Barriers to Disclosure of Child Sexual Abuse for Men</u> attached as Exhibit 1 in Dkt No: 35.  After considering Mr. Perry's background and history, it is completely understandable why he mistrusted others and was not able to recognize what occurred as abuse being only seven years old when it occurred.

Lastly, the government also failed to acknowledge Congress's instruction to courts to consider the "history and characteristics of a defendant."  See 18 U.S.C. §3553(a).  When the government argues that that Mr. Perry's assertions of his past child sex abuse should not be a mitigating factor in sentencing, it contradicts the current law as well as the Supreme Court's opinions in *Kimbrough* and *Gall*.  *Kimbrough v. United* States, 552 U.S. 84 (2007), and *Gall v. United States*, 552 U.S. 38 (2007).  Furthermore, as stated in the law review article cited in defendant's sentencing memorandum regarding mitigating factors, childhood sexual abuse is highly relevant to sentencing because empirical evidence shows that traumatic events that occur in childhood have a greater impact on individuals and there is a

direct link between childhood sex abuse and a predisposition towards criminal behavior later in life. *See* <u>Trauma and Sentencing: The Case for Mitigating Penalty For Childhood Physical and Sexual Abuse</u>. 30 Stan. L. & Pol'y Rev. 1 (2019) at *25.

## II. Past Case Analysis

The government lastly interprets the cases that defense counsel cited to as not being suitable for comparison because the facts are different than the instant offense. However, defense counsel clearly acknowledges the differences in the cases that it provides and explains the reasons for providing these particular cases. There are no past cases that are completely on point because every case has different facts and circumstances. However, past cases are still important to analyze whether they involve more culpable behavior or less culpable behavior in order to argue that a defendant should not receive a disproportionate sentence.

Undersigned counsel cited to the *Osuba* case in order to distinguish the remorse that Mr. Perry has expressed versus the lack of acceptance that the defendant in *Osuba* showed by going to trial and by bragging about his conduct on the internet. *United States v. Matthew Osuba*, 1:18-CR-344 (TJM). Defense counsel also cited to this case to point out the aggravating factors and lack of mitigating factors of that case, not to say that the conduct was the same as Mr. Perry's conduct in this case. While Mr. Perry's conduct involved abusing a child, Mr. Osuba's relentless, aggravating conduct, and lack of acceptance is likely what led to a life sentence. Undersigned counsel discusses *Osuba* to show the stark contrast between a defendant who accepts his conduct and is remorseful versus a defendant who engages in abhorrent behavior, distributes it to the world, brags about it publicly, and then proceeds to have a jury trial.

The government also takes issue with defense counsel citing to the *Smith* case, a defendant who tormented a minor in his care for a long period of time and made her think that he would expose her pictures to the world if she was not compliant with his wishes. *United States v. Ralph Daniel Smith*, 5:15-CR-342 (BKS). Defense counsel again acknowledges in defendant's sentencing memorandum that the conduct is different from Mr. Perry's case, but nonetheless points out the awful behavior that arguably will have even more of an impact on the victim in the *Smith* case given her age and vulnerability that was completely taken advantage of over and over again.

Lastly, the government contends that Amber Decker only received 22 years because of mitigating factors they identified, but it is important to note that the government requested that a life sentence be imposed in that case as well. *See United States v. Amber Decker*, 18-CR-358 (DNH) at Dkt. No. 67.[1] Undersigned counsel also acknowledged Ms. Decker's mitigating factors in defendant's sentencing memorandum and again points to the egregious conduct that far exceeds the conduct in the instant case. There is no perfect case comparison because there are no two cases alike. However, these cases are important to the analysis because in order to accomplish the goals of sentencing, the court must consider any sentencing disparities that would exist if certain sentences are imposed. These past cases show that there are courts that have given more lenient sentences even with heinous conduct involved because of the mitigating factors that were present. Mr. Perry also has mitigating factors, accepted responsibility, and is extremely remorseful for his conduct. These mitigating factors deserve consideration, just like they were considered in the past cases provided.

---

[1] The *Decker* case had overwhelming mitigating factors and yet the government still advocated for a life sentence, which makes it difficult to imagine any case of this type of offense conduct where the government would advocate for anything less than a life sentence.

Dated:                                        October 30, 2020
                                                LISA PEEBLES
   Syracuse, New York             Federal Public Defender

                                       By:   <u>S/Maria N.Jacob, Esq.</u>
                                                  Assistant Federal Public Defender
                                                  Bar Roll No. 700927
                                                  Office of the Federal Public Defender
                                                  4 Clinton Square, 3rd Floor
                                                  Syracuse, New York   13202
                                                  (315) 701-0080

cc:    Adrian LaRochelle, Esq., AUSA